UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CLARENCE LEON DEWS, | ) | 1:13-cv—00626-AWI-SKO-HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | DISMISS THE PETITION (Doc. 1) |
| | ) | |
| v. | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | DECLINE TO ISSUE A CERTIFICATE OF |
| MARTIN BITER, Warden of Kern | ) | APPEALABILITY AND TO DIRECT THE |
| Valley State Prison, | ) | CLERK TO CLOSE THE CASE |
| | ) | |
| Respondent. | ) | **OBJECTIONS DEADLINE:** |
| | ) | **THIRTY (30) DAYS** |
| | ) | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on April 30, 2013 (doc. 3). Pending before the Court is the petition, which was filed on April 30, 2013.

I.  Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus.

1

The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II.  Background

Petitioner challenges his 2010 conviction in Fresno County Superior Court case number F09906781 of receiving stolen property with enhancements in violation of Cal. Pen. Code §§ 496(a),

2

667(b) through (i), and 1170.12(a) through (d). (Pet., doc. 1, 1-2.) Petitioner raises issues concerning the accusatory pleading, discovery, the assistance of counsel, jury instructions, sentencing, and the sufficiency of the evidence of the value of the pertinent property.

The Court takes judicial notice of the docket of this Court in <u>Clarence Leon Dews v. Kern Valley State Prison, et al.</u>, case number 1:12-cv-00450-AWI-SKO-HC, which reflects that Petitioner filed a previous petition for writ of habeas corpus in this Court on March 12, 2012.[1] (Doc. 1.) Petitioner challenged the same conviction he challenges in the instant proceeding. (Pet., doc. 1 at 2, 35; doc. 1-1, 4; Findings and Rec. to Dismiss Pet., doc. 22, 3:8-9.) On August 9, 2012, the petition was dismissed on the ground that Petitioner's allegations did not entitle him to relief in a proceeding pursuant to 28 U.S.C. § 2254. (Fdgs. and Rec., doc. 22, 9-14; Ord. Adopting Fdgs. and Rec., doc. 25, 1-3.) Judgment for the Respondent was entered on August 9, 2012. (Doc. 26.)

III. <u>Dismissal of the Petition as Successive</u>

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997), <u>reh. denied</u>, 522 U.S. 1008 (1997); <u>Furman v. Wood</u>, 190 F.3d 1002, 1004 (9th Cir. 1999).

---

[1] The Court may take judicial notice of court records. Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993); <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), <u>aff'd</u>, 645 F.2d 699 (9th Cir. 1981).

3

Under the AEDPA, a federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The Court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and the new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition. Section 2244(b)(3)(A) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, a petitioner must obtain leave from the Ninth Circuit before he or she can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any claim in a second or successive habeas corpus application under section 2254 that was presented in a prior application unless the Court of Appeals has given Petitioner leave to file the petition. 28 U.S.C. § 2244(b)(1). This limitation is jurisdictional. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009). A disposition is "on the merits" if the district court either considered and rejected the claim, or determined that the underlying claim would not be considered by a federal court. McNabb v. Yates, 576 F.3d at 1029 (citing Howard v. Lewis, 905 F.2d 1318, 1322 (9th Cir. 1990)). A dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is a judgment on the merits. Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981). A dismissal of a § 2254 petition because it does not state a claim for habeas relief is a dismissal on the merits for the purpose of 28 U.S.C. § 2244. Dellenbach v. Hanks, 76 F.3d 820, 822-23 (7th Cir. 1996) (distinguishing between a dismissal for failure to state a claim and a dismissal because insufficient substantiation of a claim was provided); see, Williams v. Armontrout, 855 F.2d 578, 580 (8th Cir. 1988) (dismissal for legal insufficiency, or not stating facts constituting a violation of constitutional rights as a matter of law, is a decision on the merits); cf., Del Campo v. Kennedy, 491 F.Supp.2d 891, 902 (N.D.Cal. 2006), aff'd., Del Campo v. Kennedy, 517 F.3d 1070 (9th Cir. 2008) (citing Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 399 n. 3 (1981), and noting that historically, courts have considered a dismissal of a civil claim with prejudice for failure to state claim to be a dismissal on the merits for res judicata purposes); Arreola v. Board of Prison Hearings, 2012 WL 4862540, *2 (No. 2:11-cv-1974-DAD P, E.D.Cal. Oct. 11, 2012) (unpublished) (a Rule 60(b) motion to reconsider

the dismissal of the petition for failure to state a cognizable claim is a decision on the merits which requires the petitioner to seek authority to proceed from the Court of Appeals for the Ninth Circuit); Harris v. Copenhaver, 2012 WL 2553635, *3 (No. 1:12-cv-00938-AWI-DLB (HC), E.D.Cal. June 29, 2012) (unpublished) (a petition brought pursuant to § 2241 barred by § 2244(a) as successive because a previous petition including the same claim was dismissed for failure to state a cognizable claim).

Here, the disposition of the first petition concerning the same state court decision constituted a decision on the merits. Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction. The Ninth Circuit Court of Appeals, and not this Court, must determine whether Petitioner meets the requirements that would permit the filing of a second petition.

Accordingly, this court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under section 2254 and must dismiss the petition. See, Felker v. Turpin, 518 U.S. 651, 656-57; Burton v. Stewart, 549 U.S. 147, 152; Cooper v. Calderon, 274 F.3d 1270, 1274. If Petitioner desires to bring this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit. See 28 U.S.C. § 2244(b)(3). Therefore, it will be recommended that the petition for writ of habeas corpus be dismissed as a successive petition.

IV.  Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the

detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right or that jurists of reason would find it debatable whether the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was wrong or debatable among jurists of reason.  Miller-El v. Cockrell, 537 U.S. at 336-37.  Although an applicant must show more than an absence of frivolity or the existence of mere good faith, it is not necessary for an applicant to show that the appeal will succeed.  Id. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.  Here, Petitioner has not demonstrated that jurists of reason

would find it debatable whether or not the petition states a valid claim of the denial of a constitutional right.  Further, Petitioner has not shown that jurists of reason would find it debatable whether the petition is successive.

Petitioner has not made the substantial showing required for issuance of a certificate of appealability. As such, it will be recommended that the Court decline to issue a certificate of appealability.

### V.  Recommendations

Accordingly, it is RECOMMENDED that:

1)  The petition for writ of habeas corpus be DISMISSED because the Court lacks subject matter jurisdiction over the petition; and

2)  The Court DECLINE to issue a certificate of appealability; and

3)  The Clerk be DIRECTED to close this action because the dismissal will terminate the action in its entirety.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will

then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     May 3, 2013**                             /s/ Sheila K. Oberto
                                                      UNITED STATES MAGISTRATE JUDGE